**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

UNITED STATES OF AMERICA

VERSUS

ANGELA MYERS

CRIMINAL ACTION

NO. 12-cr-9-JJB

**RULING AND ORDER ON MOTIONS**

This matter is before the Court on a motion for access to original documents (Doc. 23), a motion to suppress all handwritten evidence against the defendant (Doc. 26), a motion to compel the government to disclose evidence favorable to the defendant (Doc. 34), a motion in limine to limit prosecutor's argument during opening statement (Doc. 36), and a motion for issuance of a "no retribution letter" to witnesses (Doc. 37), filed by defendant Angela Myers. The Government has filed responses (Doc. 45, 46, 52, 51, 50 respectively) to the above motions. There is no need for oral argument.

I.

Ms. Myers was indicted by a grand jury on twenty-three counts on January 12, 2012. These charges include filing false, fictitious, and/or fraudulent federal income tax returns against the United States for payment in violation of 18 U.S.C. §§2 and 287 (Counts 1-11), wire fraud in violation of 18 U.S.C. §1343 (Counts 12-17), aggravated identity theft in violation of 18 U.S.C. §§2, 1028(a)(1), and 1028(c)(5) (Counts 17-21), and filing false income tax returns for the 2007 and 2008 calendar years in violation of 26 U.S.C. §7206(1) (Counts 22-23). The defendant is specifically alleged oto have electronically filed false federal income tax returns without the lawful authority of the individuals listed on the returns.

II.

A. <u>Motion for Access to Original Documents</u>

Defendant Angela Myers has moved that she be allowed to inspect and review original documents under the government's possession, custody or control (Doc. 23). The defendant argues that Federal Rule of Criminal Procedure 16(a)(1)(E)[1] requires the court to compel the government to provide the defendant with the opportunity to analyze the originals of any and all materials that may reasonably engender questions or concerns regarding authentic, accuracy, legibility, etc. (Doc. 23-1, pp.1-2).

The government argues that the defendant received a CD containing 958 labeled documents on February 3, 2012, and the United States informed defense counsel by letter dated March 5, 2012, that she would be permitted to inspect and review the original documents within possession of the government by making an appointment with the IRS special agent appointed to the case. (Doc. 45, p.1).

Defendant's motion is both moot and premature. It is moot to the extent the government has provided a reasonable avenue through which the defendant may, by appointment, view the originals of all the documents. It is premature to the extent defendant has not alleged the government has prevented access to the documents.

B. <u>Motion to Suppress All Hand Written Evidence in the Indictment</u>

Defendant argues that, under Fed. Rule Evid. 803(6), the hand written tax documents must have a foundation laid by either the custodian of the business records or another qualified witness before they can be admitted. (Doc. 26-3, p. 3). The defendant cites *United States v. Brown*, 553 F.3d 768, 792 (5th Cir. 2008) for this proposition and argues that the handwritten

---

[1] Rule 16(a)(1)(E) requires the government, upon request, to permit the defendant to inspect, copy, and/or photograph physical evidence within the government's possession, custody, or control, if the item will be used in the government's case-in-chief, belongs to or was obtained from the defendant, or is material to the defendant's case.

evidence in the indictment should be suppressed because it does not fall within an exception to hearsay (Doc. 26-1, p.4).

The government responds by pointing out that the motion is more in the nature of a motion in limine as it attempts to exclude a certain class of evidence due to a lack of authentication. (Doc. 46 p.2). The government additionally argues that the tax returns and other documents filed with the IRS are admissible at trial as long as the Court finds the documents are relevant. The government relies on Fed. Rule Evid. 902 to argue that certified copies of tax returns are self authenticating. The government also argues that the tax returns at issue fall under at least two exceptions to the hearsay rule: the business records exception under Fed. Rule Evid. 803(6) and the public records exception under Fed. Rule Evid. 803(8). Further, for the documents the defendant prepared herself, the government argues those records are admissible as a party admission under Fed. Rule Evid. 801(d)(2)(A). The government also argues that there is statutory presumption that, when an individual's name is signed on a tax return, there is prima facie evidence that the return was actually signed by the individual. *See* 26 U.S.C. § 6064 ("The fact that an individual's name is signed to a return, statement, or other document shall be prima facie evidence for all purposes that the return, statement, or other document was actually signed by him."). Finally, the government states that it is not necessary to present direct evidence showing that the defendant, or another person, actually signed the returns; it is sufficient that the person's name is on the returns and the returns are true and correct copies of returns on file with the Internal Revenue Service. *See United States v. Wilson*, 887 F.2d 69, 72 (5th Cir. 1989).

The indictment does not allege that the defendant physically signed an income tax return or document or that she forged a physical signature; each of the income tax returns in the indictment was filed electronically with the Internal Revenue Service and therefore do not

contain handwritten signatures. (*See* Indictment, Doc. 1). The government has provided some tax returns and other documents that contain handwriting and written signatures to the defendant in discovery. The government argues that these documents are admissible subject to a finding of relevance by the court.

There are at least two ways the government can meet its burden of authenticating defendant's signature at trial without a handwriting expert. Federal Rule of Evidence 901(b)(2) allows a non-expert's opinion to determine if the handwriting is genuine based on a familiarity with it that was not acquired for the current litigation, and Fed. Rule Evid. 901(b)(3) allows for an expert witness or the trier of fact to compare the handwriting with an authenticated specimen of defendant's handwriting.

The motion to "suppress" the handwritten evidence therefore lacks merit. The Court finds that a ruling on the relevance of the handwritten evidence is inappropriate at this time.

    C. <u>Motion to Compel the Government to Disclose Evidence Favorable to the Defendant</u>

Due process requires the government to disclose upon request evidence favorable to the accused or discrediting of the prosecution under *Brady v. Maryland*, 373 U.S. 83 (1963) and *United States v. Agurs*, 427 U.S. 97 (1976).

The Court agrees with the government that this material either has been disclosed by the government, making the issue moot, or prematurely requests evidence which defendant does not currently have an entitlement to obtain. *See, e.g.,* Jencks Act, 15 U.S.C. § 3500. The request for evidence relating to informants is inapplicable in this case, as there are not informants involved in the case. Finally, the Court has already issued a ruling on this matter. (*See* Minute Entry, Doc. 31). This motion lacks merit.

    D. <u>Motion in Limine to Limit Prosecutor's Argument During Opening Statement</u>

Defendant moves that this Court to: (1) limit the prosecution's arguments during opening statement; (2) have the prosecutor periodically note to the jury that his opening statement is what he personally believes the evidence will show; and (3) caution the jury prior to the prosecutor's opening statement that "(a)n opening statement has a narrow purpose and scope. It is to state what evidence will be presented, to make it easier for the jurors to understand what is to follow, and to relate parts of the evidence and testimony to the whole; it is not an occasion for argument." (Doc. 36 (citing *United States v. Dinitz*, 424 U.S. 600, 612 (1976) (Burger, C.J., concurring))).

The Court is inclined to agree with the government's arguments. The Federal Rules of Evidence, the Federal Rules of Criminal Procedure, and the Fifth Circuit's Pattern Jury Instructions are sufficient safeguards to prevent the prejudice the defense is concerned about. Defendant's rights may be sufficiently protected through live objection without resort to the limitations sought. The Court therefore denies this motion.

E. <u>Motion for Issuance of a "No Retribution Letter" to Witnesses</u>

Finally, the defense moves this Court to issue "No Retribution Letters" to the witnesses (and unindicted co-conspirators) informing them that they have an absolute right to meet with the defendant, they are free to convey documents and information to the defendant, that they need not notify the government if they meet with the defendant, and that they are free of concern of government retaliation or retribution if they meet with the defendant. Defendant argues that a "No Retribution Letter" is necessary to allow defense counsel to be on a more level playing field and to have sufficient access to government witnesses that may be fearful of speaking with him based on a perception, misleading or wrongful, of government retaliation. (*See* Doc. 37-1).

The government responds that the defense's concerns are only hypothetical and speculative, the defense's motion has no factual support, and the authorities defendant cites do not support her contention that the Court must issue these letters.

There have been no specific allegations alleged that indicate a witness is fearful of speaking to defense counsel. This Court cannot find legal authority that would compel it to issue letters to witnesses. Moreover, without specifics on which witnesses conceivably susceptible to government pressuring may testify, the Court finds this motion premature at best. Accordingly, the Court denies this motion.

## III.

Accordingly, defendant Angela Myers' motion for access to all original documents (Doc. 23) is MOOT.

Defendant's motion to suppress all handwritten evidence against the defendant (Doc. 26) is DENIED.

Defendant's motion to compel the government to disclose evidence favorable to the defendant (Doc. 34) is MOOT concerning materials that have already been disclosed and ruled upon, and is DENIED concerning materials that are not yet required to be disclosed.

Defendant's motion in limine to limit the prosecution's arguments during opening statement (Doc. 36) is DENIED.

Defendant's motion to issue "no retribution letters" to witnesses (Doc. 37) is DENIED.

Signed in Baton Rouge, Louisiana, on April 2, 2012.

**JAMES J. BRADY, DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**